### WALTER GREACEN v. JACOB BEAM.

A mistake in a name, or an interlineation, or the crossing out of the name of one obligor, and inserting another in a bond, are inaccuracies, which may be helped by proper averments, supported by corresponding proof; but a party, who is compelled by law to take a bond for his security, in the preparation and execution of which, he can have no agency, ought not to be subjected to the necessity of making such averments, and to the hazard of not being able to support them by legal and sufficient evidence. He is entitled to a perfect bond, legibly written, and free from objections on the face of it.

This was a *certiorari* directed to the Court of Common Pleas of the county of Somerset. The facts and points of the case will be found in the opinion of this court, delivered by the CHIEF JUSTICE.

*Hartwell,* for plaintiff in *certiorari.*

*J. S. Green,* for defendant.

HORNBLOWER, C. J. This was an action of trover for seventy-five bushels of rye. The defendant pleaded title to the land on which the rye was grown, and from which it had been taken; and tendered a bond to the Justice, pursuant to the act of Assembly. The Justice, and afterwards, the Court of Common Pleas, rejected the bond, on the ground of mistakes and interlineations therein, and proceeded to trial and judgment. Upon inspecting the bond, there appears to be a plain mistake in the name of the obligee. It is a bond to —— Bean, instead of —— Beam; the latter being the true name of the plaintiff

below, and so distinctly written in the process and on the record. This is not all; the name of one of the obligors, originally introduced into the bond, has been crossed out, and another name inserted by interlineation and no note or memorandum, that it was done before the execution of the instrument. These inaccuracies, do not vitiate the bond ; they may be helped by proper averments, supported by corresponding proof; but a party who is compelled by law, to take a bond for his security, in the preparing and execution of which he has, and can have no agency, ought not to be subjected to the necessity of making such averments, and to the hazard of not being able to support them by legal and sufficient evidence. He is entitled to a perfect bond, legibly written, and free from objections on the face of it; and so this court have repeatedly decided in the case of appeal bonds. I am therefore of opinion, that the Justice, and the Court of Common Pleas, did right in rejecting this bond, and overruling the plea of title ; and consequently, that the judgment must be affirmed. There is another objection to this bond; I do not now say, a fatal one ; but an objection that may well deserve the serious consideration of the court. A bond should be, *in writing*, in words, at length, and not abbreviated, except in those instances, which the common law has sanctioned. I have had bonds offered to me on applications for the allowance of writs, in which the word "*judgment*," and other terms have been abbreviated, by omitting the last syllable, or in some other way. This is improper, and argues a want of professional accuracy, that ought not to be encouraged. The objection referred to in this case, is of the same nature ; it is, that the date of the bond, is in figures and not in words. I think this ought not to be so ; but it has no influence in the decision of this case.

FORD, J. and RYERSON, J. concurred.

*Judgment affirmed.*